IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:12CR80-1 |
| v. | : | |
| SHAWN IRA DAY | : | PLEA AGREEMENT |

NOW COMES the United States of America, by and through Ripley Rand, United States Attorney for the Middle District of North Carolina, and the defendant, SHAWN IRA DAY, in his own person and through his attorney, Eddie H. Meacham, and state as follows:

1. The defendant, SHAWN IRA DAY, is presently charged in an Information in case number 1:12CR80-1, which charges him with a violation of Title 18 United States Code, Section 2422(b), enticement of a minor.

2. The defendant, SHAWN IRA DAY, will enter a voluntary plea of guilty to the Information herein. The nature of this charge and the elements of this charge, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

    a. The defendant, SHAWN IRA DAY, understands that as to the Information, he may be sentenced to a term of imprisonment of not less than ten years or for life, and the maximum fine for the Information is $250,000, or both. The fine is subject to the

provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine."

      b. The defendant, SHAWN IRA DAY, also understands that the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of any term of years not less than five, or life, after imprisonment, pursuant to Title 18, United States Code, Section 3583(k).

      c. The defendant, SHAWN IRA DAY, also understands that the Court shall order, in addition to any other criminal penalty authorized by law, that the defendant make full restitution, pursuant to Title 18, United States Code, Section 2259, to all the victims of the offense(s) and relevant conduct.

      d. The defendant, SHAWN IRA DAY, further understands that the sentence to be imposed upon him is within the discretion of the sentencing court subject to the statutory maximum and mandatory minimum penalties set forth above. The sentencing court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors

set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

    e. The defendant, SHAWN IRA DAY, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, SHAWN IRA DAY, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States.

    f. The defendant, SHAWN IRA DAY, understands that, by entering a plea of guilty to the Information herein, he may be required to register as a sex offender under the laws of any state in which he may reside, and that it is the defendant's responsibility to comply with any applicable registration requirements. See 42 U.S.C. § 14071 (Wetterling Act's Registration Guidelines) and 18 U.S.C. § 4042 (2000) (requiring defendants to register as a sex offender within 10 days of release from incarceration or sentence to probation). If the defendant resides in the state of North Carolina following any term of imprisonment, the defendant agrees to register as a sex offender pursuant to N.C.G.S. §§ 14-208.5 - 208.45 in the county of his residence and provide verification to the probation

3

department of such registration. The defendant also understands that if he does not return to, or moves from the state of North Carolina, he may be required to register as a sex offender pursuant to the state laws of his new residence.

3. By voluntarily pleading guilty to the Information herein, the defendant, SHAWN IRA DAY, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, SHAWN IRA DAY, is going to plead guilty to the Information because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

    a. It is agreed that the defendant, SHAWN IRA DAY, will consent that the proceeding in each case may be by Information rather than by Indictment.

    b. It is understood that if the Court determines at the time of sentencing that the defendant, SHAWN IRA DAY, qualifies for a 2-point decrease in the offense level under

4

Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. It is further understood that the Court is not bound by this recommendation.

6. It is further understood that the United States and the defendant, SHAWN IRA DAY, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

7. The defendant, SHAWN IRA DAY, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

8. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be

5

entered into unless executed in writing and signed by all the parties.

This the 8th day of March, 2012.

RIPLEY RAND
United States Attorney

*(signature)*

ANAND P. RAMASWAMY
NCSB # 24991
Assistant United States Attorney
    P. O. Box 1858
    Greensboro, NC  27402

336/333-5351

*(signature)*

*(signature)*

EDDIE H. MEACHAM
Attorney for Defendant

*(signature)*

SHAWN IRA DAY
Defendant